UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

|  |  |
|---|---|
| In re:<br><br>COMMUNITY INTERVENTION SERVICES, INC., COMMUNITY INTERVENTION SERVICES HOLDINGS, INC., SOUTH BAY MENTAL HEALTH CENTER, INC., and FUTURES BEHAVIOR THERAPY CENTER, LLC<br><br>                                                 Debtors. | Chapter 11<br><br>Case No. 21-40002-EDK<br><br>(Jointly Administered) |

### DEBTORS' MOTION FOR ORDER APPROVING STIPULATION REGARDING CLAIM OF CHRISTINE MARTINO-FLEMING

The debtors and debtors-in-possession Community Intervention Services, Inc. ("CIS"), Community Intervention Services Holdings, Inc. ("Holdings"), and South Bay Mental Health Center, Inc. ("South Bay" and, together with CIS and Holdings, the "Debtors"), in response to this Court's Order Regarding Deficient Filing [Doc. No. 279], hereby move this Court for an order (i) approving the Stipulation Regarding Claim of Christine Martino-Fleming filed on July 23, 2021 [Doc No. 275] (the "Stipulation"), or alternatively, (ii) determining that Court approval of the Stipulation is not required for the Stipulation to be effective.  In support of this Motion, the Debtors state as follows:

1. The Stipulation addresses the treatment of the $16.5 billion Qui Tam Claim[1] for purposes of voting on, and computing distributions on account of the Qui Tam Claim under, the Liquidating Plan.  The Stipulation does not resolve any pending adversary proceeding or contested matter.  The Stipulation does not involve the use of property of the Debtors'

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Stipulation.

bankruptcy estates, nor does it provide for the release of any claims or causes of action held by the Debtors' bankruptcy estates.

2. The Liquidating Plan provides that holders of allowed general unsecured claims will share ratably in a $250,000 fund established under the Liquidating Plan. The allowance or disallowance of any particular general unsecured claim will have no effect on the Debtors' bankruptcy estates. Rather, resolution of general unsecured claims will merely determine the particular creditors entitled to share in the $250,000 fund and their ratable shares of such fund.

3. Because the Stipulation relates to the Debtors' Chapter 11 cases but does not affect their bankruptcy estates, the Debtors filed the Stipulation unaccompanied by a related approval motion. Compare MLBR 9019-1(a) (a stipulation that affects a case to be filed with the Court) with MLBR 9019-1(d) (a settlement of any controversy that affects the estate to be accompanied by an approval motion).

4. If the Court determines that the Stipulation must be approved by the Court to be effective, the Debtors submit that the Stipulation is in the best interests of their creditors. Given the clear benefit to non-Martino-Fleming holders of allowed general unsecured claims from reducing the $16.5 billion Qui Tam Claim to $100,000 for purposes of Liquidating Plan distributions, the Debtors submit that their entry into the Stipulation should be authorized and approved for any one or all of the following reasons: (i) as reflecting the prudent exercise of the Debtors' business judgment; (ii) as an eminently reasonable compromise of any potential dispute between the Debtors and Martino-Fleming regarding allowance of the Qui Tam Claim for purposes of voting on and distributions under the Liquidating Plan; and (iii) through the exercise of this Court's equitable authority under Section 105(a) of the Bankruptcy Code to facilitate

consideration and potential confirmation of a consensual Chapter 11 plan pursuant to Section 1129 of the Bankruptcy Code.

5.  In the alternative, if the Court were to agree with the Debtors that the Stipulation need not be approved to be effective, then entry of an order to that effect would be appropriate. As noted, the Stipulation does not resolve any pending adversary proceeding or contested matter, nor does the Stipulation affect the Debtors' estates. The Debtors believe that the purpose of the Stipulation can be achieved whether or not it is approved by the Court, in that it constitutes the voluntary agreement of Martino-Fleming to limit the amount of her claim for purposes of voting on and receiving distributions under the Liquidating Plan, and Martino-Fleming has not conditioned her agreement on this Court's approval of the Stipulation. In light of the foregoing, an order clarifying that Court approval of the Stipulation is not necessary would, in the Debtors' view, constitute an appropriate resolution of the Court's Order Regarding Deficient Filing.

WHEREFORE, the Debtors respectfully request that this Court enter its order (i) approving the Stipulation, or alternatively, (ii) determining that Court approval of the Stipulation is not required for the Stipulation to be effective.

| | |
|---|---|
| Dated: July 27, 2021 | COMMUNITY INTERVENTION SERVICES, INC., COMMUNITY INTERVENTION SERVICES HOLDINGS, INC., and SOUTH BAY MENTAL HEALTH CENTER, INC. |
| | By their attorneys, |
| | */s/ A. Davis Whitesell*<br>Michael J. Goldberg (BBO #551869)<br>A. Davis Whitesell (BBO #551462)<br>Hanna J. Ciechanowski (BBO #705222)<br>Casner & Edwards, LLP<br>303 Congress Street<br>Boston, MA 02210<br>Tel: 617-426-5900<br>Email: whitesell@casneredwards.com |

**CERTIFICATE OF SERVICE**

    I, A. Davis Whitesell, hereby certify that on this 27th day of July, 2021, I caused the foregoing ***Debtors' Motion for Order Approving Stipulation Regarding Claim of Christine Martino-Fleming*** to be served through the Court's ECF system on all registered users of such system in this case.

Dated: July 27, 2021                      */s/ A. Davis Whitesell*
                                                    A. Davis Whitesell, BBO# 551462
                                                    Casner & Edwards, LLP
                                                    303 Congress Street
                                                    Boston, MA 02210
                                                    Tel: 617-426-5900
                                                    Email: whitesell@casneredwards.com